UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TRAMALE LOCKETT,** | : | CIVIL NO. 3:15-CV-1843 |
| | : | |
| **Plaintiff,** | : | (Judge Kosik) |
| | : | |
| v. | : | (Magistrate Judge Carlson) |
| | : | |
| | : | |
| **WARDEN RICHARD SMITH,** | : | |
| et al., | : | |
| | : | |
| **Defendant.** | : | |

## REPORT AND RECOMMENDATION

### I. Statement of Facts and of the Case

The plaintiff, Tramale Lockett, is a prisoner housed at the Centre County Prison. On September 23, 2015, Lockett filed a *pro se* civil rights complaint against eight correctional staff, alleging that some staff had been indifferent to his medical needs, had housed him in dangerous conditions, and had sanctioned him in retaliation for grievances he had filed. (Doc. 1.) In response to our screening analysis of this original complaint Lockett has subsequently endeavored to amend this complaint on several occasions, and his latest motion to amend remains pending before this court. While these efforts have been on-going we have deferred any decision regarding service of the complaint or amended complaints.

On December 7, 2015, Lockett also filed a motion for preliminary injunction, which sought to have us order Centre County prison officials to provide him with specific access to legal materials and resources.(Doc. 22.) However, 23 days later, on December 30, 2015, Lockett reported that he was no longer housed at the Centre County Prison but had been transferred to SCI Benner.

In light of this development, it is recommended that Lockett's motion for preliminary injunction be dismissed as moot.

## II. Discussion

### A. Lockett's Transfer Renders Moot Lockett's Request For Injunctive Relief from Prison Officials at this Facility

We find that the plaintiff's release from the Centre County Prison, and transfer to SCI Benner, renders moot his current motion for injunctive relief from the defendants, corrections officials at this county prison who formerly oversaw the conditions of the plaintiff's imprisonment at that particular facility.

The mootness doctrine recognizes a fundamental truth in litigation: "[i]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996). In this case, Lockett sought to enjoin

prison officials to provide him with a specific forms of access to legal materials and housing while he was in prison, yet it is entirely undisputed that Lockett is no longer in the defendants' custody and, therefore, no longer receives these services from the prison defendants named in this case.

This simple fact raises a threshold, and insurmountable, obstacle to this motion for injunctive relief relating to conditions at a prison where he is no longer incarcerated. Upon consideration, we conclude that the plaintiff's release from the prison renders his motion for injunctive relief moot, and that motion should be denied. In this setting, the United States Court of Appeals for the Third Circuit has observed that, when addressing inmate requests for injunctive relief:

> As a preliminary matter, we must determine whether the inmates' claims are moot because "a federal court has neither the power to render advisory opinions nor to decide questions that cannot affect the rights of litigants in the case before them." Preiser v. Newkirk, 422 U.S. 395, 401 (1975) (quotations omitted); see also Abdul-Akbar v. Watson, 4 F.3d 195, 206 (3d Cir.1993). An inmate's transfer from the facility complained of generally moots the equitable and declaratory claims. Abdul-Akbar, 4 F.3d at 197 (former inmate's claim that the prison library's legal resources were constitutionally inadequate was moot because plaintiff was released five months before trial).

Sutton v. Rasheed, 323 F.3d 236, 248 (3d Cir. 2003). See Griffin v. Beard, No. 09-4404, 2010 WL 4642961 (3d Cir. Nov. 17, 2010)(transfer from SCI Huntingdon renders inmate injunctive relief claim moot). Indeed, as this court has previously

observed, in a case such as this, where an inmate seeks injunctive relief against his jailers but is no longer housed at the prison where these injunctive claims arose:

> [H]is request[] to enjoin the defendants from interfering with his [rights] is academic. See Muslim v. Frame, 854 F.Supp. 1215, 1222 (E.D.Pa.1994). In other words, [the prisoner-plaintiff's] transfer to another institution moots any claims for injunctive or declaratory relief. See Abdul-Akbar v. Watson, 4 F.3d 195, 206-07 (3rd Cir.1993); Weaver v. Wilcox, 650 F.2d 22, 27 (3rd Cir.1981).
>
> Fortes v. Harding, 19 F.Supp.2d 323, 326 (M.D.Pa.1998).

These principles control here, and compel denial of this motion for injunctive relief as moot since the prisoner-plaintiff is no longer housed at this prison.

### III.  **Recommendation**

Accordingly, for the foregoing reasons, the Plaintiff's motion for preliminary injunction (Doc. 22) be DISMISSED as moot. The plaintiff is further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed

findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 6th day of January, 2016.

                                        *S/Martin C. Carlson*
                                        Martin C. Carlson
                                        United States Magistrate Judge